# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JAMES R. ZAZZALI, as Trustee for the DBSI
Private Actions Trust,

               Plaintiff,

      v.

AFA FINANCIAL GROUP, et al.,

             Defendants.

Civil Action No.  11-744 GMS

## OPENING BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE OF SUMMONS AND COMPLAINT AND FOR RELATED RELIEF

**GIBBONS, P.C.**

*/s/ Christopher Viceconte*
Christopher Viceconte (No. 5568)
1000 North West Street, Suite 1200
Wilmington, DE 19801-1058
Telephone:  (302) 295-4875
Facsimile:  (302) 295-4876
cviceconte @gibbonslaw.com

Brian J. McMahon
Debra A. Clifford
Fruqan Mouzon
Gibbons P.C.
One Gateway Center
Newark, New Jersey  07102-5310
Telephone:  (973) 596-4500
Facsimile:  (973) 596-0545

*Counsel for Plaintiff*

Dated: December 16, 2011

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS ........................... 1

SUMMARY OF ARGUMENT ................................................................................. 1

STATEMENT OF FACTS ...................................................................................... 2

    A.    The Complaint ......................................................................... 2

    B.    The Trustee's Diligent Service Efforts ...................................... 4

    C.    The John Doe 1-500 and Parent Corp. Defendants .................... 5

ARGUMENT ...................................................................................................... 6

    A.    There is Good Cause to Extend the FRCP 4(m) Time Period .................. 7

    B.    Defendants and Any Added Defendants Will Not Be Prejudiced by the Extension of the FRCP 4(m) Time Period .......................................... 9

    C.    Plaintiff's Particularized Requests for Identifying Information for Purposes of Confirming Notice Under FRCP 15(c) is Neither Covered Nor Prohibited by the Discovery Stay of the Private Securities Litigation Reform Act .......................................... 11

CONCLUSION ................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*,
  197 F.R.D. 104 (S.D.N.Y. 2000) ................................................................................11

*Baez v. Kahanowicz*,
  469 F. Supp. 2d 171 (S.D.N.Y. 2007) ..........................................................................6

*Frank v. Dana Corp.*,
  2007 WL 1748887 (N.D. Ohio June 18, 2007) ...........................................................12

*Global Intellicom, Inc. v. Thomson Kernaghan & Co.*,
  1999 WL 223158 (S.D.N.Y. Apr. 16, 1999) ...............................................................12

*Golden v. Guardian (In re Lenox Healthcare, Inc.)*,
  319 B.R. 819 (Bankr. D. Del. 2005) ..............................................................................7

*In re CFS-Related Sec. Fraud Litig.*,
  179 F.Supp.2d 1260 (N.D. Okla. 2001) .......................................................................12

*In re FirstEnergy Corp. Sec. Litig.*,
  229 F.R.D. 541 (N.D. Ohio 2004) ...............................................................................11

*In re Vivendi Universal, S.A. Sec. Litig.*,
  381 F.Supp.2d 129 (2003) ...........................................................................................12

*In re WorldCom, Inc. Sec. Litig.*,
  234 F.Supp.2d 301 (S.D.N.Y. 2002) ......................................................................11, 12

*Jackson v. Herrington*,
  393 Fed. Appx. 348 (6th Cir. 2010) ...............................................................................6

*Jacobsen v. Osborne*,
  133 F.3d 315 (5th Cir. 1998) .........................................................................................6

*Jumpp v. Jerkins*,
  2010 WL 715678 (D.N.J. Mar. 1, 2010) .......................................................................7

*Petrucelli v. Bohringer and Ratzinger*,
  46 F.3d 1298 (3d Cir. 1995) ......................................................................................7, 11

*Robinson v. Clipse*,
  602 F.3d 605 (4th Cir. 2010) .........................................................................................6

*Sun Healthcare Group, Inc. v. Mead Johnson Nutritional (In re Sun Healthcare Group, Inc., et al.),*
    2004 Bankr. LEXIS 572 (Bankr. D. Del. 2004) .........................................................................7

*Vacold LLC v. Cerami,*
    2001 WL 167704 (S.D.N.Y. Feb. 16, 2001) ............................................................................12

## STATUTES

Private Securities Litigation Reform Act,
    15 U.S.C. § 78u-4(b)(3)(B)..........................................................................................2, 11, 12

## RULES

Fed. R. Civ. P. 15..............................................................................................................1, 6, 7, 13

Fed. R. Civ. P. 4....................................................................................................................... passim

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff James R. Zazzali, as Trustee for the DBSI Private Actions Trust ("Plaintiff" or "Trustee"), has brought this action under the Securities Exchange Act of 1934 on behalf of those of the more than 5,000 members of the DBSI Private Actions Trust ("PAT") who purchased or otherwise acquired securities in one or more DBSI created investment offerings from one or more of the named broker dealer defendants in what turned out to be nothing more than a classic Ponzi scheme that collapsed in November 2008 when ninety-three (93) DBSI related entities filed petitions for bankruptcy.

The Trustee's Complaint was filed on August 22, 2011, and the original 120-day Federal Rule of Civil Procedure ("FRCP") 4(m) and 15(c)(1)(C) periods, therefore, have not yet expired. *See* Decl. of Christopher Viceconte in Support of Plaintiff's Motion to Extend Time for Service of Summons and Complaint and Related Relief, ¶ 3 ("Viceconte Decl."). Those defendants which have been served and appeared in this action to date have been granted extensions of time to respond to the Complaint until December 16, 2011 or later and have entered into Stipulations and Proposed Orders, setting schedules for dispositive motion briefing and amending the Complaint, which run until the middle to the end of March 2012. (Viceconte Decl., ¶ 16.) It is anticipated that any similar Stipulations and Proposed Orders to be submitted to the Court with respect to those defendants which have yet to appear in this action will set schedules running into at least the end of April 2012. (Id.)

## SUMMARY OF ARGUMENT

1.      The Trustee's diligence in his efforts to serve and good faith motivation in pursuing the claims alleged in the Complaint in his fiduciary capacity on behalf of the members of the DBSI Private Actions Trust, statute of limitations considerations, and the lack of prejudice to the defendants, among other factors, establish good cause and otherwise provide a basis for

the requested extension of the deadline for service of the Summons and Complaint in this action (as the Complaint may be amended from time to time, subject to and in accordance with FRCP 15 and 21) under FRCP 4(m), and the time period referenced in FRCP 15(c)(1)(C), by ninety (90) days, through and including March 19, 2012.

2.      The Trustee should be allowed to propound a limited number of particularized requests to the defendants to ascertain the identities of certain fictitious defendants named in the Complaint and allow for the amendment of the Complaint to add any identified fictitious defendants and/or the provision of further notice to such identified fictitious defendants in satisfaction of the time periods prescribed by FRCP 4(m) and 15(c)(1)(C).  These requests are neither covered nor prohibited by the discovery stay of the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)(3)(B), and should be allowed to prevent undue prejudice to the members of the DBSI Private Actions Trust and to prevent the defendants and their affiliated entities and individuals from being unfairly shielded from liability.

## STATEMENT OF FACTS

### A.      The Complaint

This is an action brought under the Securities Exchange Act of 1934 by Plaintiff James R. Zazzali, as Trustee for the DBSI Private Actions Trust, on behalf of those of the more than 5,000 members of the DBSI Private Actions Trust ("PAT") who purchased or otherwise acquired securities in one or more DBSI created investment offerings from one or more of the named broker dealer defendants in what turned out to be nothing more than a classic Ponzi scheme that collapsed in November 2008 when ninety-three (93) DBSI related entities filed petitions for

2

bankruptcy. Pursuant to the Bankruptcy Plan, the Trustee maintains a fiduciary duty to pursue those claims assigned to the PAT, as alleged in the Complaint.[1] (Viceconte Decl., ¶¶ 5, 6.)

The Complaint names as defendants multiple broker-dealers which allegedly participated in the fraudulent marketing and sale of certain DBSI Securities to members of the PAT. The identities of these broker-dealers and the assertion of claims against those identified broker-dealers were based on the Trustee's review, analysis and good faith reliance on DBSI's available records and databases.[2] (Viceconte Decl., ¶ 7.) While the facts and circumstances underlying this action, as alleged with particularity in the Complaint, are clear, certain information regarding the identities of all of the potentially culpable entities and individuals associated with the defendants was either unknown to Plaintiff and the PAT members or was not provided to Plaintiff by the PAT members at the time of filing of the Complaint. Due to the Trustee's lack of knowledge of the identities of the named broker-dealers' parent, subsidiary and/or affiliate corporations who may have been involved in the transactions at issue, the Complaint names "Parent Corp." defendants corresponding to each broker-dealer, alleging, upon information and belief, that each such parent, subsidiary and/or affiliate corporation "facilitated and/or participated" with the corresponding broker-dealer "in the marketing and sale of DBSI Securities." (Viceconte Decl., ¶ 8.) The Complaint alleges that the Parent Corp. defendants are "fictitious names representing one or more persons, corporations or other entities whose true

---

[1] In the interest of brevity, the Trustee respectfully refers to the allegations of the Complaint for a detailed recitation of the bankruptcy proceeding and facts underlying this action.

[2] The following related actions were previously filed and are pending before this Court: *Zazzali, as Trustee of the DBSI Private Actions Trust v. Berthel Fisher & Company Financial Services, Inc., et al.*, Civil Action No. 11-625 GMS (filed on July 14, 2011); and *Zazzali, as Trustee of the DBSI Private Actions Trust v. Advisory Group Equity Services, Ltd., et al.*, Civil Action No. 11-475 GMS (filed on May 26, 2011). (Viceconte Decl., ¶ 4.)

names and capacities are unknown to Plaintiff at this time.  When ascertained, Plaintiff will amend this complaint by inserting the true names and capacities herein." (Id.)

The Complaint also names Defendants John Doe 1-500, representing "fictitious names representing one or more persons corporations or other entities that have been involved as securities broker(s), or in consultation with or otherwise affiliated with other securities broker(s), in the distribution of DBSI Securities to members of the PAT whose true names and capacities are unknown to Plaintiff at this time.  When ascertained, Plaintiff will amend this complaint by inserting the true names and capacities herein." (Viceconte Decl., ¶ 9.)  Since the filing of the Complaint, the Trustee has continued his review and analysis of DBSI's available records and databases in order to further confirm their completeness and accuracy in relation to the claims asserted in the Complaint.  (Viceconte Decl., ¶ 10.)  That review and analysis is ongoing and may reveal the need to correct the legal names or legal natures of certain of the named broker-dealers and, if necessary, effect new service accordingly.  (Id.)  It may also reveal the identities of as yet unnamed broker-dealers to be added as defendants (in place of certain of the designated John Doe 1-500 defendants) and served in this action.  (Id.)

**B.    The Trustee's Diligent Service Efforts**

Since the filing of the Complaint, Plaintiff has been diligent in his efforts to serve the Complaint throughout the United States within the time period prescribed by FRCP 4(m).  To date, the Trustee has obtained (i) acknowledgments of service from certain defendants, (ii) waivers of service, pursuant to FRCP 4(d), from other defendants, and (iii) served, through various methods authorized under the FRCP, all but approximately two (2) of the broker-dealer defendants.  (Viceconte Decl., ¶ 11.)  The Trustee's efforts to serve these broker-dealers have been thwarted by circumstances beyond his control, including business transformations, alleged business terminations, and changes in business addresses.  (Id.)  Efforts to locate and serve these

4

few remaining defendants and otherwise further confirm effective service on certain other defendants are ongoing, and the Trustee believes that all service issues as to the named broker dealer defendants can be resolved within the requested extension of the FRCP 4(m) period. (Id.) Moreover, to the extent there are any claimed deficiencies in service on any of the broker dealer defendants, or to the extent the Trustee's further review and analysis of DBSI's available records and databases reveals the need for additional or new service on any of the already served defendants, Plaintiff desires the requested extension of the FRCP 4(m) period to address and correct any such claimed deficiencies. (Viceconte Decl., ¶ 12.)

C.      **The John Doe 1-500 and Parent Corp. Defendants**

As noted above, to the extent the Trustee's continuing review and analysis of DBSI's records and databases reveals errors in the naming of defendants or the misnaming of defendants or the need to add defendants in place the John Doe 1-500 Defendants, the Trustee desires adequate time to correct any such errors and to amend the Complaint, as appropriate, as well as to correct any related claimed errors or deficiencies in service and to effect new service on any added defendants. (Viceconte Decl., ¶ 13.) Furthermore, the identities of the "Parent Corp." and "John Doe" defendants, as designated in the Complaint, who may have been involved in the transactions at issue, were not fully known to the Trustee as of the filing of the Complaint. (Viceconte Decl., ¶ 14.) Indeed, at this stage, the necessary information regarding each broker-dealer's corporate structure and relationships remains unknown unless and until at least limited discovery is allowed to take place. (Id.) Accordingly, while the Trustee claims actual or imputed notice to the Parent Corp. and John Doe defendants and satisfaction of all other factors listed in FRCP 15(c) for purposes of application of the relation back doctrine by virtue of, among other things, each broker-dealer's notice of this action within the original or extended FRCP 4(m) period, in an abundance of caution, the Trustee seeks an extension of the FRCP 4(m) and

5

15(c)(1)(C) periods in order to allow adequate time to perform limited discovery from the broker-dealer defendants in order to identify the Parent Corp. and John Doe defendants and affiliated entities and individuals who may have been involved in the transactions at issue and, if identified and within Plaintiff's discretion, amend the Complaint, serve (or obtain acknowledgments or waivers of service from) the identified Parent Corp. and John Doe defendants and affiliated entities and individuals, or otherwise provide further notice of this action under FRCP 15(c)(1)(C) to the Parent Corp. and John Doe defendants and affiliated entities and individuals. (Viceconte Decl., ¶ 15.)

## ARGUMENT

Under the circumstances presented, the requested relief is warranted by FRCP 4(m) and 6(b)(1)(A). FRCP 4(m) provides, in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FRCP 6(b)(1)(A) provides that "when an act may or must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." As noted, this motion has been filed prior to the expiration of the original 120-day FRCP 4(m) and 15(c)(1)(C) periods.[3]

---

[3] Any extension of the FRCP 4(m) period will also operate to extend the period allowed under FRCP 15(c)(1)(C) without the need for further order of the court. *See Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010)("Rule 15(c)'s notice period incorporates any extension of the 120-day period under Rule 4(m)."); *Jackson v. Herrington*, 393 Fed. Appx. 348, 353 (6th Cir. 2010)("[W]e see no reason for incorporating Rule 4(m)'s 120-day baseline into Rule 15 without also incorporating Rule 4(m)'s good-cause baseline exception."); *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998)(stating that Rule 15(c)(1)(C) incorporates Rule 4(m)'s "good cause" extension); *Baez v. Kahanowicz*, 469 F. Supp. 2d 171, 177 n. 6 (S.D.N.Y. 2007); FRCP 15,

Good cause under FRCP 4(m) requires that plaintiff show "good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time period specified in the rules." *See Sun Healthcare Group, Inc. v. Mead Johnson Nutritional (In re Sun Healthcare Group, Inc., et al.)*, 2004 Bankr. LEXIS 572, *23 (Bankr. D. Del. 2004)(citing *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1312 (3d Cir. 1995). Whether or not good cause exists can turn on a number of factors, including (i) "the reasonableness of the plaintiff's efforts to serve," (ii) "prejudice to a defendant from untimely service," and (iii) "whether the plaintiff moved for an enlargement of the time to serve." *Jumpp v. Jerkins*, 2010 WL 715678, at *7 (D.N.J. Mar. 1, 2010). As such, courts should extend the time to serve when the plaintiff exhibits "substantial diligence, professional competence and good faith." *Golden v. Guardian (In re Lenox Healthcare, Inc.)*, 319 B.R. 819, 822 (Bankr. D. Del. 2005). "If good cause is present, the district court must extend time for service and the inquiry is ended." *Petrucelli*, 46 F.3d at 1305. Even if good cause cannot be shown, courts may extend the time to serve at their discretion, and will consider factors including the running of the statute of limitations, prejudice to the defendant, plaintiff's motivation in pursuing the claim, as well as any other relevant factor. *See Jumpp*, 2010 WL 715678, at *7; *Petrucelli*, 46 F.3d at 1305-06; Advisory Committee Notes to Fed. R. Civ. P. 4.

A.   **There is Good Cause to Extend the FRCP 4(m) Time Period**

The Trustee has been and continues to be diligent in his efforts to identify and serve the defendants in this action. Of the multiple broker-dealer defendants named in the Complaint, to date, all but approximately two (2) have been served, and efforts to locate and serve those

---

Advisory Committee Notes (1991 Amendment). Nevertheless, in order to avoid any confusion, the Trustee requests that the Court's Order granting this motion expressly state that the time periods under FRCP 4(m) and 15(c)(1)(C) are both being extended.

remaining unserved defendants are ongoing as of the filing of this motion. The Trustee's inability, to date, to serve those few remaining defendants is through no fault of his own, but rather is attributable to their claimed business transformations, alleged business terminations, and changes in business addresses.

In addition, upon the Trustee's continuing review and analysis of the available DBSI records and databases, the Trustee may identify additional viable broker-dealer defendants and/or may identify the need for corrections to the legal names and/or legal natures of certain of the already named and served broker-dealer defendants. The Trustee believes that the requested ninety (90) day extension of the FRCP 4(m) and 15(c)(1)(C) periods will allow for the resolution of amendment and service issues with respect to the already named broker-dealer defendants, as well as those broker dealer defendants which may be identified and added to the Complaint subsequent to the filing of this motion.

As to the as yet unidentified "Parent Corp." and "John Doe" defendants who may have been involved in the transactions at issue, their identities are within the knowledge of the broker-dealer defendants and will remain unknown to the Trustee unless and until at least some limited discovery in this action is allowed to take place. Accordingly, while the Trustee claims actual or imputed notice to the Parent Corp. and John Doe defendants and satisfaction of all other factors listed in FRCP 15(c) for purposes of application of the relation back doctrine based on, among other things, each broker-dealer's actual notice of this action within the original or extended FRCP 4(m) time period, in an abundance of caution, the Trustee respectfully submits that there is good cause to extend the FRCP 4(m) and 15(c)(1)(C) periods -- as set forth in the proposed Order submitted herewith -- in order to allow adequate time to perform limited discovery in order to identify the Parent Corp. and John Doe defendants and affiliated entities and

8

individuals,[4] and, if identified and within Plaintiff's discretion, amend the Complaint, serve (or obtain acknowledgments or waivers of service from) the identified Parent Corp. and John Doe defendants and affiliated entities and individuals, or otherwise provide further notice of this action to the Parent Corp. and John Doe defendants and affiliated entities and individuals in accordance with FRCP 15(c)(1)(C).

### B.     Defendants and Any Added Defendants Will Not Be Prejudiced by the Extension of the FRCP 4(m) Time Period

The defendants and any added defendants in this action will not be prejudiced by the requested extension of the FRCP 4(m) and 15(c)(1)(C) time periods. This action has just begun. No discovery has taken place and there have been no substantive hearings or rulings from the Court. Moreover, prior to the filing of this motion, the Trustee and various of the broker dealer defendants in this action have submitted Stipulations and Proposed Orders setting the due date

---

[4] Specifically, the Trustee seeks leave to propound the following three (3) interrogatories to each of the broker dealer defendants:

    1.     From 2000 through 2008, in addition to any information not already provided or to be provided in [Defendant's] Rule 7.1 Disclosure Statement, (i) was [Defendant] owned, either wholly or in part and/or directly or indirectly, by any other entity or individual, and/or (ii) was [Defendant] otherwise affiliated with any other entity or individual? If so, provide the name and last known address of each such entity or individual, and describe the nature of the relationship between [Defendant] and each such entity or individual.

    2.     With respect to any entity identified in response to interrogatory 1, were any officers and/or directors of each such entity also officers and/or directors of [Defendant] and/or did any such entity otherwise have direct and/or supervisory involvement in the operations of [Defendant]? If so, identify each such individual who was an officer and/or director of the two entities and provide each individual's last known address, and identify any such entity which had direct and/or supervisory involvement in the operations of [Defendant].

    3.     Identify each Registered Representative, agent or employee of [Defendant] who participated in the marketing or sale of any DBSI-related investment from 2000 through 2008. For each such individual, indicate whether such individual is still associated with [Defendant] and provide his or her name and last known address and identify each DBSI-related investment in which that individual participated.

for responses to the Complaints beginning on December 16, 2011, along with a schedule for motion briefing and amending the Complaint, which schedules run until the middle to the end of March 2012. It is anticipated that any similar Stipulations and Proposed Orders to be submitted with respect to those defendants which have yet to appear in this action will set schedules running into at least the end of April 2012. (Viceconte Decl., ¶16.) As many, if not all, of the defendants which have appeared to date have indicated that they will be filing dispositive motions in lieu of answers to the Complaint, it is anticipated that all non-dispositive motion aspects of this matter, including discovery, will effectively remain stayed until the defendants' motions are ruled upon, presumably no earlier than May or June of 2012. If the defendants' dispositive motions are unsuccessful, all named and served defendants at that time will be on equal footing insofar as their involvement in and ability to mount a defense of the action, and there will be no prejudice to any defendants which may be added and served or further notified of the action during the extended time periods set forth in the proposed Order submitted herewith. Furthermore, the issues which the defendants intend to present in their dispositive motions presumably may apply with equal force to some or all of the broker-dealer and/or Parent Corp. and John Doe defendants and affiliated entities and individuals which might be added to and served with or notified of the Complaint within the extended periods. Therefore, their interests may be pursued during the extended periods. Moreover, the Trustee submits that the Parent Corp. and John Doe defendants and affiliated individuals and entities have been on actual or imputed notice of this action since its inception or since service on their corresponding broker-dealer defendants, further negating any claimed prejudice from the relief requested herein.

On the other hand, the prejudice which the Trustee would face without an extension is significant. Among other things, in the event that the Complaint were to be dismissed with

respect to unserved defendants as a result of the expiration of the 120-day FRCP 4(m) period, the defendants against whom the Complaint was dismissed might argue upon refiling that the statute of limitations for the Trustee's claims had run. Were the Court to deem those claims time-barred, it would cause substantial and irreparable prejudice to the Trustee and the members of the PAT on whose behalf the Trustee is prosecuting this action. *See, e.g., AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 109-110 (S.D.N.Y. 2000)("Courts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis. ... The rationale for this principle is that dismissal under these circumstances would extinguish potentially meritorious claims without there being an opportunity to have them adjudicated on the merits."); *Petrucelli*, 46 F.3d at 1305-06; Advisory Committee Notes to Fed. R. Civ. P. 4.

**C.    Plaintiff's Particularized Requests for Identifying Information for Purposes of Confirming Notice Under FRCP 15(c) is Neither Covered Nor Prohibited by the Discovery Stay of the Private Securities Litigation Reform Act**

To the extent the defendants may oppose the limited discovery aspect of this motion under the discovery stay provision of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B), Plaintiff submits that the PSLRA's discovery stay simply does not apply. The PSLRA was enacted (i) to reduce the number of frivolous lawsuits aimed at forcing corporate defendants to settle rather than bear the high costs of discovery, and (ii) to preclude plaintiffs from engaging in fishing expeditions to secure facts for a sustainable claim. *See In re FirstEnergy Corp. Sec. Litig.*, 229 F.R.D. 541, 543 (N.D. Ohio 2004); *In re WorldCom, Inc. Sec. Litig.*, 234 F.Supp.2d 301, 305 (S.D.N.Y. 2002). Neither rationale underlying the PSLRA's discovery stay applies to Plaintiff's particularized requests, as outlined above at footnote 4, for

the identities of unknown entities and individuals described in the Complaint for purposes of confirming notice to those entities and individuals under FRCP 15(c).

Plaintiff's particularized questions clearly are neither aimed at coercing the defendants into a settlement nor to support claims not already alleged in the Complaint or to strengthen the factual allegations of the Complaint. Rather, they are aimed solely at identifying -- and achieving or further confirming notice, for relation back purposes under FRCP 15(c), to -- the unknown entities and individuals described in the Complaint against whom claims and factual allegations have already been asserted. Moreover, answering these questions presents little or no burden to the defendants.

Even if the PSLRA's discovery stay were deemed to apply, a partial lift of the stay is warranted and Plaintiff's limited number of particularized requests should be allowed in order to prevent undue prejudice to the PAT members. *See* 15 U.S.C. § 78u-4(b)(3)(B). "Undue prejudice" is defined as "prejudice that is improper or unfair under the circumstances." *See, e.g., In re CFS-Related Sec. Fraud Litig.*, 179 F.Supp.2d 1260, 1265 (N.D. Okla. 2001). Courts have recognized the existence of "undue prejudice" warranting a partial lift of the discovery stay where the withholding of discovery would enable the defendants to be "unfairly shielded from liability" or otherwise create an "'unfair' risk the culpable defendants will evade liability." *See Frank v. Dana Corp.*, 2007 WL 1748887, at *4 (N.D. Ohio June 18, 2007), citing *Vacold LLC v. Cerami*, 2001 WL 167704, at *7 (S.D.N.Y. Feb. 16, 2001)(inquiring whether withholding discovery would "unfairly insulate defendants from liability for securities fraud"); *In re Vivendi Universal, S.A. Sec. Litig.*, 381 F.Supp.2d 129, 130 (2003), citing *In re WorldCom, Inc. Sec. Litig.*, 234 F.Supp.2d at 306, and *Global Intellicom, Inc. v. Thomson Kernaghan & Co.*, 1999 WL 223158, at *2 (S.D.N.Y. Apr. 16, 1999)(finding that plaintiff made a showing of "undue

prejudice" because the stay might prevent plaintiff from seeking redress for the alleged violations).

Without the requested information and the ability to provide or confirm notice to the Parent Corp. and John Doe entities and individuals within the FRCP 15(c)(1)(C) period, Plaintiff and the PAT members will bear the unfair risk that those entities and individuals may evade liability on statute of limitations grounds.  Plaintiff should be permitted to propound its limited requests so that he has the necessary information to provide or further confirm notice of this action and the allegations of the Complaint on behalf of the PAT members to those entities and individuals under FRCP 15(c).

Plaintiff's good faith motivation in pursuing this action in his fiduciary capacity on behalf of the PAT members, the potential substantial and irreparable prejudice to the PAT members if this action were barred against the Parent Corp. and John Doe entities and individuals on statute of limitations grounds, the lack of prejudice to the defendants and the Parent Corp. and John Doe entities and individuals from the requested relief, and the Court's preference for adjudicating claims on their merits, all support the relief requested in this motion.[5]

---

[5]  In the alternative, (i) the defendants should be directed to confirm or provide actual notice of this action and the allegations of the Complaint under FRCP 15(c) to their parent corporations, individual owners, officers and directors, affiliates, entities sharing officers and directors with the defendants, and their registered representatives who were involved in the sale of DBSI securities from the years of 2000 through 2008 within the original or extended FRCP 4(m) and 15(c)(1)(C) period, or (ii) the FRCP 15(c)(1)(C) notice period should be deemed suspended until the motion to dismiss phase is completed and the requested discovery is allowed in order to protect Plaintiff from a claim of lack of notice or prejudice under FRCP 15(c) by any of the Parent Corp. and John Doe entities and individuals described in the Complaint, including the defendants' parent corporations, individual owners, officers and directors, affiliates, entities sharing officers and directors with the defendants, and the defendants' registered representatives who were involved in the sale of DBSI securities from the years of 2000 through 2008.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that this Court enter an order, substantially in the form submitted herewith:

(a)     extending the deadline for service of the Summons and Complaint in this action (as the Complaint may be amended from time to time, subject to and in accordance with FRCP 15 and 21) under FRCP 4(m), and the time period referenced in FRCP 15(c)(1)(C), by ninety (90) days, through and including March 19, 2012;

(b)     allowing for limited discovery to ascertain the identities of certain fictitious defendants named in the Complaint and allowing for the amendment of the Complaint to add any such identified fictitious defendants and/or the provision of further notice to such identified fictitious defendants in satisfaction of the time periods prescribed by FRCP 4(m) and 15(c)(1)(C); and

(c)     granting such other and further relief as the Court deems just and proper.

14

Dated:  December 16, 2011

**GIBBONS, P.C.**

*/s/  Christopher Viceconte*
Christopher Viceconte (No. 5568)
1000 North West Street, Suite 1200
Wilmington, DE 19801-1058
Telephone:  (302) 295-4875
Facsimile:  (302) 295-4876
cviceconte @gibbonslaw.com

Brian J. McMahon
James M. Lee
Debra A. Clifford
Fruqan Mouzon
Gibbons P.C.
One Gateway Center
Newark, New Jersey  07102-5310
Telephone:  (973) 596-4500
Facsimile: (973) 596-0545

*Counsel for Plaintiff*