IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES R. ZAZZALI, as Trustee for the DBSI Private Actions Trust,<br><br>Plaintiff,<br><br>v.<br><br>AFA FINANCIAL GROUP, et al.,<br><br>Defendants. | Civil Action No. 11-744 GMS |

**DECLARATION OF CHRISTOPHER VICECONTE IN SUPPORT OF PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE OF SUMMONS AND COMPLAINT AND FOR RELATED RELIEF**

Christopher Viceconte, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the following is true and correct:

1. I am an attorney at Gibbons P.C., counsel for Plaintiff James R. Zazzali, as Trustee for the DBSI Private Actions Trust ("Plaintiff" or "Trustee") in the above-referenced action, and submit this declaration in support of Plaintiff's Motion to Extend Time for Service of Summons and Complaint and For Related Relief (the "Motion").

2. I make this declaration on the bases of my own personal knowledge, my review of documents available to me as counsel to the Trustee, and information provided to me by my colleagues at Gibbons P.C.

3. The Complaint in this action (D.I. 1) was filed on August 22, 2011, and the original 120-day Federal Rules of Civil Procedure ("FRCP") 4(m) and 15(c)(1)(C) periods, therefore, have not yet expired as of the date of the filing of the Motion.

4. The following related actions were previously filed and are pending before this Court: *Zazzali, as Trustee of the DBSI Private Actions Trust v. Berthel Fisher & Company*

*Financial Services, Inc., et al.*, Civil Action No. 11-625 GMS (filed on July 14, 2011); and *Zazzali, as Trustee of the DBSI Private Actions Trust v. Advisory Group Equity Services, Ltd., et al.*, Civil Action No. 11-475 GMS (filed on May 26, 2011).

5.  This action is brought under the Securities Exchange Act of 1934 by the Trustee on behalf of members of the DBSI Private Actions Trust ("PAT") who purchased or otherwise acquired securities in one or more DBSI created investment offerings from one or more of the named broker dealer defendants in what turned out to be nothing more than a classic Ponzi scheme that collapsed in November 2008 when ninety-three (93) DBSI related entities filed petitions for bankruptcy.

6.  Pursuant to the Bankruptcy Plan, the Trustee maintains a fiduciary duty to pursue those claims assigned to the PAT, as alleged in the Complaint.[1]

7.  The Complaint names multiple broker-dealers which allegedly participated in the fraudulent marketing and sale of certain DBSI Securities to members of the PAT. The identities of these broker-dealers and the assertion of claims against those identified broker-dealers were based on the Trustee's review, analysis and good faith reliance on DBSI's available records and databases.

8.  Due to the Trustee's lack of knowledge of the identities of the named broker-dealers' parent, subsidiary and/or affiliate corporations who may have been involved in the transactions at issue, the Complaint names "Parent Corp." defendants corresponding to each broker-dealer, alleging, upon information and belief, that each such parent, subsidiary and/or affiliate corporation "facilitated and/or participated" with the corresponding broker-dealer "in the marketing and sale of DBSI Securities." The Complaint alleges that the Parent Corp. defendants

---

[1] In the interest of brevity, the Trustee respectfully refers to the allegations of the Complaint for a detailed recitation of the bankruptcy proceeding and facts underlying this action.

are "fictitious names representing one or more persons, corporations or other entities whose true names and capacities are unknown to Plaintiff at this time. When ascertained, Plaintiff will amend this complaint by inserting the true names and capacities herein."

9. The Complaint also names Defendants John Doe 1-500, representing "fictitious names representing one or more persons, corporations or other entities that have been involved as securities broker(s), or in consultation with or otherwise affiliated with other securities broker(s), in the distribution of DBSI Securities to members of the PAT whose true names and capacities are unknown to Plaintiff at this time. When ascertained, Plaintiff will amend this complaint by inserting the true names and capacities herein."

10. Since the filing of the Complaint, the Trustee has continued his review and analysis of DBSI's available records and databases in order to further confirm their completeness and accuracy in relation to the claims asserted in the Complaint. That review and analysis is ongoing and may reveal the need to correct the legal names or legal natures of certain of the named broker-dealers and, if necessary, effect new service accordingly. It may also reveal the identities of as yet unnamed broker-dealers to be added as defendants (in place of certain of the designated John Doe 1-500 defendants) and served in this action.

11. Since the filing of the Complaint, Plaintiff has been diligent in his efforts to serve the Complaint throughout the United States within the time period prescribed by FRCP 4(m). To date, the Trustee has obtained (i) acknowledgments of service from certain defendants, (ii) waivers of service, pursuant to FRCP 4(d), from other defendants, and (iii) served, through various methods authorized under the FRCP, all but approximately two (2) of the broker-dealer defendants named in this action. The Trustee's efforts to serve these broker-dealers have been thwarted by circumstances beyond his control, including business transformations, alleged

business terminations, and changes in business addresses. Efforts to locate and serve these few remaining defendants and otherwise further confirm effective service on certain other defendants are ongoing, and the Trustee believes that all service issues as to the named broker dealer defendants can be resolved within the extension of the FRCP 4(m) period requested in this Motion.

12. Moreover, to the extent there are any claimed deficiencies in service on any of the broker dealer defendants, or to the extent the Trustee's further review and analysis of DBSI's available records and databases reveals the need for additional or new service on any of the already served defendants, Plaintiff desires the requested extension of the FRCP 4(m) period to address and correct any such claimed deficiencies.

13. To the extent the Trustee's continuing review and analysis of DBSI's records and databases reveals errors in the naming of defendants or the misnaming of defendants or the need to add defendants in place the John Doe 1-500 Defendants, the Trustee desires adequate time to correct any such errors and to amend the Complaint, as appropriate, as well as to correct any related claimed errors or deficiencies in service and to effect new service on any added defendants.

14. Furthermore, the identities of the "Parent Corp." and "John Doe" defendants, as designated in the Complaint, who may have been involved in the transactions at issue, were not fully known to the Trustee as of the filing of the Complaint. Indeed, at this stage, the necessary information regarding each broker-dealer's corporate structure and relationships remains unknown unless and until at least limited discovery is allowed to take place.

15. Accordingly, while the Trustee claims actual or imputed notice to the Parent Corp. and John Doe defendants and satisfaction of all other factors listed in FRCP 15(c) for

purposes of application of the relation back doctrine by virtue of, among other things, each broker-dealer's notice of this action within the original or extended FRCP 4(m) period, in an abundance of caution, the Trustee seeks an extension of the FRCP 4(m) and 15(c)(1)(C) periods in order to allow adequate time to perform limited discovery from the broker-dealer defendants in order to identify the Parent Corp. and John Doe defendants and affiliated entities and individuals who may have been involved in the transactions at issue and, if identified and within Plaintiff's discretion, amend the Complaint, serve (or obtain acknowledgments or waivers of service from) the identified Parent Corp. and John Doe defendants and affiliated entities and individuals, or otherwise provide further notice of this action under FRCP 15(c)(1)(C) to the Parent Corp. and John Doe defendants and affiliated entities and individuals.

16. The Trustee and various of the broker dealer defendants in this action have submitted to the Court Stipulations and Proposed Orders setting the due date for responses to the Complaints beginning on December 16, 2011, along with a schedule for motion briefing and amending the Complaint, which schedules run until the middle to the end of March 2012. It is anticipated that any similar Stipulations and Proposed Orders to be submitted to the Court with respect to those defendants which have yet to appear in this action will set schedules running into at least the end of April 2012.

Dated: December 16, 2011
      Wilmington, DE

                                        Christopher Viceconte (No. 5568)