IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES R. ZAZZALI, as Trustee for the DBSI Private Actions Trust,<br><br>        Plaintiff,<br><br>v.<br><br>AFA FINANCIAL GROUP, et al.,<br><br>        Defendants. | Civil Action No. 11-744 GMS |

**REPLY BRIEF IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE OF SUMMONS AND COMPLAINT AND FOR RELATED RELIEF**

GIBBONS P.C.

*/s/ Christopher Viceconte*
Christopher Viceconte (No. 5568)
1000 North West Street, Suite 1200
Wilmington, DE 19801-1058
Telephone: (302) 295-4875
Facsimile: (302) 295-4876
cviceconte @gibbonslaw.com

Brian J. McMahon
James M. Lee
Debra A. Clifford
Fruqan Mouzon
Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4500
Facsimile: (973) 596-0545

Dated: February 8, 2012

*Counsel for Plaintiff*

## TABLE OF CONTENTS

                                                                                                              **Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ................................................................................................................................ 3

    PLAINTIFF'S PARTICULARIZED REQUESTS FOR IDENTIFYING INFORMATION FOR PURPOSES OF CONFIRMING NOTICE UNDER FRCP 15(C) IS NEITHER COVERED NOR PROHIBITED BY THE DISCOVERY STAY OF THE PRIVATE SECURITIES LITIGATION REFORM ACT ..................... 3

CONCLUSION ............................................................................................................................. 6

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Baez v. Kahanowicz*,
469 F. Supp. 2d 171 (S.D.N.Y. 2007) ................................................................................1

*Frank v. Dana Corp.*,
2007 WL 1748887 (N.D. Ohio June 18, 2007) ..................................................................5

*Global Intellicom, Inc. v. Thomson Kernaghan & Co.*,
1999 WL 223158 (S.D.N.Y. Apr. 16, 1999) .......................................................................5

*In re CFS-Related Sec. Fraud Litig.*,
179 F.Supp.2d 1260 (N.D. Okla. 2001) ..............................................................................5

*In re FirstEnergy Corp. Sec. Litig.*,
229 F.R.D. 541 (N.D. Ohio 2004) ......................................................................................3

*In re Vivendi Universal, S.A. Sec. Litig.*,
381 F.Supp.2d 129 (2003) ..................................................................................................5

*In re WorldCom, Inc. Sec. Litig.*,
234 F.Supp.2d 301 (S.D.N.Y. 2002) ...............................................................................3, 5

*Jackson v. Herrington*,
393 Fed. Appx. 348 (6th Cir. 2010) ....................................................................................1

*Jacobsen v. Osborne*,
133 F.3d 315 (5th Cir. 1998) ...............................................................................................1

*Robinson v. Clipse*,
602 F.3d 605 (4th Cir. 2010) ...............................................................................................1

*Vacold LLC v. Cerami*,
2001 WL 167704 (S.D.N.Y. Feb. 16, 2001) .......................................................................5

**STATUTES**

15 U.S.C. § 78u-4(b)(3)(B) .............................................................................................................5

**RULES**

Fed. R. Civ. P. 15(c) ............................................................................................................. passim

Fed. R. Civ. P. 15(c)(1)(C) ................................................................................................... passim

Fed. R. Civ. P. 4(m) ................................................................................................................1, 2, 7

## INTRODUCTION

Plaintiff James R. Zazzali, as Trustee for the DBSI Private Actions Trust ("Plaintiff"), respectfully submits this reply brief in further support of Plaintiff's Motion to Extend Time for Service of Summons and Complaint and for Related Relief (D.I. 83-84).

Responding Defendants,[1] in their Joint Response (D.I. 105), do not oppose Plaintiff's request for a 90-day extension of the 120-day period of Federal Rules of Civil Procedure ("FRCP") 4(m) and 15(c)(1)(C) until March 19, 2012. Accordingly, and for the reasons set forth in Plaintiff's moving papers, Plaintiff respectfully requests that that portion of Plaintiff's motion be granted.[2]

In addition, contrary to the Responding Defendants' arguments, Plaintiff's request for leave to serve particularized discovery as to the identities of the unknown "Parent Corp." and "John Doe" defendants described in the Complaint for purposes of confirming notice to those entities and individuals under FRCP 15(c) for relation back purposes is neither covered nor prohibited by the Private Securities Litigation Reform Act. Plaintiff brought this action in good faith based on the information available to him in his fiduciary capacity as the court-appointed Trustee on behalf of those of the more than 5,000 members of the DBSI Private Actions Trust

---

[1] The Responding Defendants consist of the following seven (7) broker dealer defendants: Beneficial Investment Services, Inc.; Crown Capital Securities, L.P.; Geneos Wealth Management, Inc.; Investors Capital Corporation; Triad Advisors, Inc.; VSR Financial Services, Inc.; and Woodbury Financial Services, Inc.

[2] As set forth in Plaintiff's Opening Brief (D.I. 84) at note 3, any extension of the FRCP 4(m) period will also operate to extend the period allowed under FRCP 15(c)(1)(C) without the need for further order of the court. *See Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010)("Rule 15(c)'s notice period incorporates any extension of the 120-day period under Rule 4(m)."); *Jackson v. Herrington*, 393 Fed. Appx. 348, 353 (6th Cir. 2010)("[W]e see no reason for incorporating Rule 4(m)'s 120-day baseline into Rule 15 without also incorporating Rule 4(m)'s good-cause baseline exception."); *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998)(stating that Rule 15(c)(1)(C) incorporates Rule 4(m)'s "good cause" extension); *Baez v. Kahanowicz*, 469 F. Supp. 2d 171, 177 n. 6 (S.D.N.Y. 2007); FRCP 15, Advisory Committee Notes (1991 Amendment).

("PAT") who purchased DBSI securities from the named broker dealer defendants in this action. Many of the PAT members are elderly retirees who lost all or a significant part of their life's savings as a result of a Ponzi scheme in which the defendants allegedly were complicit. The facts and circumstances underlying this action, as alleged with particularity in the Complaint, are clear.[3] Nevertheless, certain information regarding the identities of all of the potentially culpable entities and individuals associated with the Responding Defendants was either unknown to Plaintiff and the PAT members or was not provided to Plaintiff by the PAT members at the time of filing of the Complaint.

The Parent Corp. and John Doe entities and individuals should not be shielded from liability as a result of the Responding Defendants' refusal to provide their identities. Plaintiff's limited discovery requests, narrow in purpose and scope, should be allowed. In the alternative, as outlined in Plaintiff's Opening Brief, in lieu of the requested limited discovery, (i) the Responding Defendants should be directed to confirm or provide notice of this action and the allegations of the Complaint to the Parent Corp. and John Doe entities and individuals described in the Complaint within the original or extended FRCP 4(m) and 15(c)(1)(C) period, or (ii) the FRCP 15(c)(1)(C) notice period should be deemed suspended until the motion to dismiss phase is completed and the requested discovery is allowed in order to protect Plaintiff from a claim of lack of notice or prejudice under FRCP 15(c) by any of the Parent Corp. and John Doe entities and individuals described in the Complaint.[4]

---

[3] Contrary to the Responding Defendants' statement at note 2 of their Joint Response that they have been "struggling" with the Trustee to obtain the names of the PAT members who purchased DBSI offerings through them, as of the date of this Reply Brief, the Trustee has provided those names to each of the Responding Defendants.

[4] This motion is made in an abundance of caution and subject to and without waiving Plaintiff's claim of actual and imputed notice to the Parent Corp. and John Doe entities and individuals

2

## ARGUMENT

### PLAINTIFF'S PARTICULARIZED REQUESTS FOR IDENTIFYING INFORMATION FOR PURPOSES OF CONFIRMING NOTICE UNDER FRCP 15(C) IS NEITHER COVERED NOR PROHIBITED BY THE DISCOVERY STAY OF THE PRIVATE SECURITIES LITIGATION REFORM ACT

As explained in Plaintiff's Opening Brief, the discovery stay of the Private Securities Litigation Reform Act ("PSLRA") was enacted (i) to reduce the number of frivolous lawsuits aimed at forcing corporate defendants to settle rather than bear the high costs of discovery, and (ii) to preclude plaintiffs from engaging in fishing expeditions to secure facts for a sustainable claim. *See In re FirstEnergy Corp. Sec. Litig.*, 229 F.R.D. 541, 543 (N.D. Ohio 2004); *In re WorldCom, Inc. Sec. Litig.*, 234 F.Supp.2d 301, 305 (S.D.N.Y. 2002). Neither rationale underlying the PSLRA's discovery stay applies to Plaintiff's particularized requests for the identities of unknown entities and individuals described in the Complaint for purposes of confirming notice to those entities and individuals under FRCP 15(c).[5]

---

described in the Complaint and Plaintiff's claim of satisfaction of the factors listed in FRCP 15(c) with respect to application of the relation back doctrine to those entities and individuals.

[5] As explained in Plaintiff's Opening Brief, the Trustee seeks leave to propound the following three (3) questions to each of the broker dealer defendants:

    1. From 2000 through 2008, in addition to any information not already provided or to be provided in [Defendant's] Rule 7.1 Disclosure Statement, (i) was [Defendant] owned, either wholly or in part and/or directly or indirectly, by any other entity or individual, and/or (ii) was [Defendant] otherwise affiliated with any other entity or individual? If so, provide the name and last known address of each such entity or individual, and describe the nature of the relationship between [Defendant] and each such entity or individual.

    2. With respect to any entity identified in response to interrogatory 1, were any officers and/or directors of each such entity also officers and/or directors of [Defendant] and/or did any such entity otherwise have direct and/or supervisory involvement in the operations of [Defendant]? If so, identify each such individual who was an officer and/or director of the two entities and provide each individual's last known address, and identify any such entity which had direct and/or supervisory involvement in the operations of [Defendant].

3

Plaintiff's particularized questions clearly are neither aimed at coercing the Responding Defendants into a settlement nor to support claims not already alleged in the Complaint or to strengthen the factual allegations of the Complaint or defeat a pending motion to dismiss filed by one or more of the Responding Defendants. Rather, they are aimed solely at identifying -- and achieving or further confirming notice, for relation back purposes under FRCP 15(c), to -- the unknown entities and individuals described in the Complaint against whom claims and factual allegations have already been asserted. The legal propositions under the PSLRA urged by the Responding Defendants do not apply to Plaintiff's requested relief.

Moreover, answering these questions presents little or no burden to the Responding Defendants, and any claimed burden is the direct result of their apparent rejection, at page 10 of their Joint Response, of Plaintiff's proposed alternative relief that they confirm or provide notice of this action and the allegations of the Complaint to the Parent Corp. and John Doe entities and individuals described in the Complaint (or that the FRCP 15(c)(1)(C) notice period be appropriately suspended) in lieu of the limited discovery. Responding Defendants should not be allowed to have it both ways to the unfair detriment of the PAT members, *i.e.*, on the one hand, refusing to confirm or provide notice to the Parent Corp. and John Doe entities and individuals (or appropriately suspend the Rule 15(c)(1)(C) notice period), and, on the other hand, refusing to provide the identities of those entities and individuals so that Plaintiff can confirm or provide notice himself.

---

3.     Identify each Registered Representative, agent or employee of [Defendant] who participated in the marketing or sale of any DBSI-related investment from 2000 through 2008. For each such individual, indicate whether such individual is still associated with [Defendant] and provide his or her name and last known address and identify each DBSI-related investment in which that individual participated.

Even if the PSLRA's discovery stay were deemed to apply, a partial lift of the stay is warranted and Plaintiff's particularized requests should be allowed in order to prevent undue prejudice to the PAT members. *See* 15 U.S.C. § 78u-4(b)(3)(B). "Undue prejudice" is defined as "prejudice that is improper or unfair under the circumstances." *See, e.g., In re CFS-Related Sec. Fraud Litig.*, 179 F.Supp.2d 1260, 1265 (N.D. Okla. 2001). Courts have recognized the existence of "undue prejudice" warranting a partial lift of the discovery stay where the withholding of discovery would enable the defendants to be "unfairly shielded from liability" or otherwise create an "'unfair' risk the culpable defendants will evade liability." *See Frank v. Dana Corp.*, 2007 WL 1748887, at *4 (N.D. Ohio June 18, 2007), citing *Vacold LLC v. Cerami*, 2001 WL 167704, at *7 (S.D.N.Y. Feb. 16, 2001)(inquiring whether withholding discovery would "unfairly insulate defendants from liability for securities fraud"); *In re Vivendi Universal, S.A. Sec. Litig.*, 381 F.Supp.2d 129, 130 (2003), citing *In re WorldCom, Inc. Sec. Litig.*, 234 F.Supp.2d at 306, and *Global Intellicom, Inc. v. Thomson Kernaghan & Co.*, 1999 WL 223158, at *2 (S.D.N.Y. Apr. 16, 1999)(finding that plaintiff made a showing of "undue prejudice" because the stay might prevent plaintiff from seeking redress for the alleged violations).

Without the requested information and the ability to provide or confirm notice to the Parent Corp. and John Doe entities and individuals within the FRCP 15(c)(1)(C) period, Plaintiff and the PAT members will bear the unfair risk that those entities and individuals may seek to evade liability on statute of limitations grounds. Plaintiff should be permitted to propound its limited requests so that he has the necessary information to provide or further confirm notice of this action and the allegations of the Complaint on behalf of the PAT members to those entities and individuals under FRCP 15(c). While the Responding Defendants note that the Court in some of the cases cited by Plaintiff did not lift the discovery stay, Responding Defendants cite to

no case law which (i) undermines the general principles for which those cases are cited, or (ii) precludes a partial lift of the discovery stay for the purposes sought by Plaintiff under the unique circumstances presented by this case.

Moreover, contrary to the Responding Defendants' argument that the requested discovery is unnecessary because parent corporation information is contained in their Rule 7.1 Disclosure Statements, only one of the Responding Defendants, namely, Geneos Wealth Management, Inc., had filed its Rule 7.1 Disclosure Statement at the time this motion was filed. In addition, as of the date of this Reply Brief, Responding Defendants Investors Capital Corporation and Triad Advisors, Inc., have yet to file their Rule 7.1 Disclosure Statements. In any event, those Rule 7.1 Disclosure Statements which have been filed to date do not provide the identities of each of the unknown Parent Corp. and John Doe entities and individuals described in the Complaint. Furthermore, the Responding Defendants' argument that the requested discovery is premature because "some defendants have moved to compel arbitration" should be disregarded in light of the fact that none of the defendants have filed motions to compel arbitration in this matter.

Plaintiff's good faith motivation in pursuing this action in his fiduciary capacity on behalf of the PAT members, the potential substantial and irreparable prejudice to the PAT members if this action were barred against the Parent Corp. and John Doe entities and individuals on statute of limitations grounds, the lack of prejudice to the Responding Defendants and the Parent Corp. and John Doe entities and individuals from the requested relief, and the Court's preference for adjudicating claims on their merits, all support the relief requested in this motion.

## CONCLUSION

For the foregoing reasons and for the reasons set forth in Plaintiff's Opening Brief, Plaintiff respectfully requests that this Court enter an order, substantially in the form previously submitted:

(a) extending the deadline for service of the Summons and Complaint in this action (as the Complaint may be amended from time to time, subject to and in accordance with FRCP 15 and 21) under FRCP 4(m), and the time period referenced in FRCP 15(c)(1)(C), by ninety (90) days, through and including March 19, 2012;

(b) allowing for limited discovery (as outlined herein and in Plaintiff's Opening Brief) to ascertain the identities of certain fictitious defendants named in the Complaint and allowing for the amendment of the Complaint to add any such identified fictitious defendants and/or the provision of further notice to such identified fictitious defendants in satisfaction of the time periods prescribed by FRCP 4(m) and 15(c)(1)(C); and

(c) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

**GIBBONS P.C.**

/s/ *Christopher Viceconte*
Christopher Viceconte (No. 5568)
1000 North West Street, Suite 1200
Wilmington, DE 19801-1058
Telephone: (302) 295-4875
Facsimile: (302) 295-4876
cviceconte@gibbonslaw.com

Dated: February 8, 2012          *Counsel for Plaintiff*