**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DBSI, INC., et al.,[1] | ) | Case No. 08-12687 (PJW) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Hearing Date: October 26, 2010, 9:30 a.m. (EDT) |
| | ) | |
| | ) | Re: Docket Nos. 5699 through 5703 |
| | ) | |

**CHAPTER 11 TRUSTEE'S MEMORANDUM OF LAW (A) IN SUPPORT OF
CONFIRMATION OF THE SECOND AMENDED JOINT CHAPTER 11 PLAN
OF LIQUIDATION AND (B) IN RESPONSE TO OBJECTIONS THERETO**

Dated: October 21, 2010

**GIBBONS P.C.**

William R. Firth, III (Bar No. 4356)
1000 N. West Street, Suite 1200
Wilmington, DE 19801-1058
T (302) 295-4875
F (302) 295-4876
E-mail: wfirth@gibbonslaw.com

- and -

Karen A. Giannelli
Brian J. McMahon
E. Evans Wohlforth, Jr.
Natasha M. Songonuga (Bar No. 5391)
One Gateway Center
Newark, NJ 07102-5310
E-mail: kgiannelli@gibbonslaw.com

*Attorneys for James R. Zazzali, Chapter 11 Trustee*

---

[1] The last four digits of DBSI, Inc.'s federal tax identification number are 5037. The mailing address for DBSI, Inc. is 12426 West Explorer Drive, Suite 220, Boise, Idaho 83713. Due to the large number of Debtors in these jointly administered cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers and their addresses is not provided herein. A complete list of such information may be obtained by contacting the undersigned counsel for the Chapter 11 Trustee at rfitzgerald@gibbonslaw.com.

the requirements of section 1129(d) of the Bankruptcy Code. Finally, none of the Chapter 11 Cases are "small business case[s]," as that term is defined in the Bankruptcy Code, and, accordingly, section 1129(e) of the Bankruptcy Code is inapplicable.

## IV. ALL OBJECTIONS TO THE PLAN HAVE EITHER BEEN RESOLVED OR SHOULD BE OVERRULED

316. Objections to confirmation of the Plan were due on September 23, 2010 at 4 p.m. (EDT). Seventeen objections and/or other responses (collectively, the "Objections") were filed. All but three of the Objections have been resolved.

317. For ease of reference, the Plan Proponents respond to each of the Objections in the chart which follows, which sets forth the identity of the party filing the Objection, the substance of each Objection and the Plan Proponents' response thereto. As noted below, in response to some of the Objections, the Plan Proponents have agreed to add appropriate language in the Confirmation Order to address these Objections.

| NO. | OBJECTOR (Docket No.) | OBJECTIONS/RESPONSES | REPLY (Relevant Portion of Confirmation Order) |
|---|---|---|---|
| 1. | Lewisville Independent School District ("LISD") **(Docket No. 5749)** | • Protective objection to ensure and clarify that: (1) any Plan Debtors owning property in Texas (believed to be none) will comply with applicable bankruptcy and non-bankruptcy law as to the treatment and payment of LISD's statutory tax liens; (2) nothing contained in the Plan impacts LISD's ability to (i) pursue collection of its ad valorem taxes under state law against any Non-Plan Debtor (including DBSI Colony West Development LLC or any non-debtor affiliates) and (3) no stay shall be imposed against the "in rem" collection of taxes against property of any Plan Debtor having a lien interest in real property within LISD's taxing jurisdiction (e.g., DBSI 2008 Notes' lien against property owned by DBSI Colony West Development LLC). | • The parties have agreed to include language in the Proposed Confirmation Order that resolves LISD's concerns, which relate to property tax claims against either Non-Plan Debtors or non-debtor affiliates, none of which are treated under the Plan. **(Confirmation Order ¶ 7(D))** |

| NO. | OBJECTOR (Docket No.) | OBJECTIONS/RESPONSES | REPLY (Relevant Portion of Confirmation Order) |
|---|---|---|---|
| 2. | Western Electronics LLC (Docket No. 5796) | • Objects to the Plan to the extent it seeks to affect the ownership interests, management, or control of Western, to the extent that a global resolution is not reached. | • The parties have agreed to include language in the Proposed Confirmation Order that resolves this objection. **(Confirmation Order ¶ 8(C)(ii))** |
| 3. | Douglas County, CO (Docket No. 5798, amended by Docket No. 5901) | • Objects on the grounds that the Plan does not provide for the payment of interest on ad valorem real property taxes at the state law statutory rate. | • Douglas County has consented to withdraw its objection and amended objection to the Plan upon the filing of the revised Schedule 5 to the Disclosure Statement, which eliminates Chambers and Hess Units, LLC. |
| 4 | 48 Perimeter, Arbors at Mallard Creek, Dacula Medical Center and Holly Hill TIC Investors (Docket No. 5799) | • Objects to the protocol for payment of administrative rent claims on the grounds that section 365(d)(3) requires payment of full rent amount. | • This objection is without merit. The Administrative TIC/Rent Expense Protocol under the Plan applies the "benefit to the estate analysis" under Section 503(b), and as this Court previously held, Section 365(d)(3) does not entitle a lessor to an administrative claim. The objection should be overruled. |
| 5. | Denton & Willamson Counties, Texas ("Texas Ad Valorem Tax Claimants") (Docket No. 5800) | • Object on the grounds that the Plan violates the statutory requirements of Section 1129(b)(1) and (2)(A) regarding their unpaid ad valorem real property taxes due from the Debtors having real property located in the objectors' taxing jurisdictions and joins in the proposed Confirmation Order provisions suggested by the LISD. | • The parties have agreed to include language in the Proposed Confirmation Order that resolves Texas Ad Valorem Tax Claimants' objection, which relate to property tax claims against either Non-Plan Debtors or non-debtor affiliates, none of which are treated under the Plan. **(Confirmation Order ¶ 7(D))** |
| 6. | Midfirst Bank (Docket No. 5801) | • Limited objection seeks an adequate mechanism to enforce first priority liens on collateral including distributions to TIC Investors under the TIC Claims Protocol. | • This objection is without merit. Midfirst Bank seeks affirmative relief that is not proper by way of a confirmation objection. The objection should be overruled on that ground alone. Moreover, distributions are not projected to be made for several months to a year after the Effective Date and Midfirst Bank can therefore seek to enforce its rights, if any, in advance of such distributions being made. |

| NO. | OBJECTOR (Docket No.) | OBJECTIONS/RESPONSES | REPLY (Relevant Portion of Confirmation Order) |
|---|---|---|---|
| 7. | Pacific Western Bank (Docket No. 5802) | • Objects on the grounds (i) that under the Plan, the DBSI Real Estate Liquidating Trust Agreement and the Confirmation Order would replace the operating agreement for South Cavanaugh, (ii) that the DBSI Real Estate Liquidating Trustee will have a conflict of interest with respect to claims against South Cavanaugh, and (iii) that substantive consolidation is being imposed on entities not afforded chapter 11 protection. | • The parties have agreed to include language in the Proposed Confirmation Order that resolves this objection. (Confirmation Order ¶ 7(B)) |
| 8. | George L. Miller, Chapter 7 Trustee (Docket No. 5803) | • Objects on the grounds that (i) the treatment of the Disputed Secured Claim of M&I (Classes 13B-(b) and 20B-(b)) under the Plan may affect the claims of the certain chapter 7 debtors against M&I and seeks express language in the Plan to exclude the accounts of those chapter 7 debtors, (ii) the subordination and waiver of Intercompany Claims held by the Converted Affiliates (the chapter 7 debtors) against the Plan Debtors precludes the Converted Affiliates from asserting such claims without a reciprocal waiver of claims against the Converted Affiliates by the Plan Debtors; and (iii) the TIC Claims Protocol may impact the allowance of claims in the chapter 7 cases of the Converted Affiliates. | • The parties have agreed to include language in the Proposed Confirmation Order that resolves this objection. (Confirmation Order ¶ 7(E)) |
| 9. | Douglas Swenson, Charles Hassard, John Mayeron & Thomas Var Reeve (Docket No. 5804) | • Object to (i) substantive consolidation of the Consolidated Non-Debtors, (ii) *nunc pro tunc* substantive consolidation of the Consolidated Non-Debtors, and (iii) the potential negative impact of insureds under the D&O insurance policy. | • The parties have agreed to include language in the Proposed Confirmation Order that resolves this objection. (Confirmation Order ¶ 7(F)) |
| 10. | Regents, Solitude & Valley View TIC Investors (Docket No. 5805) | • Join in Objection of 48 Perimeter TIC Investors See No. 4 above. | • See response to No. 4. |
| 11. | Great Oaks Water Co.("GOW") (Docket No. 5806) | • Reserves its right to object to the Plan to the extent that is seeks to sell Cavanaugh V free and clear of the Ground Lease and/or GOW Option or seeks authority to reject the Ground Lease or the GOW Option. | • The parties have agreed to include language in the Proposed Confirmation Order that resolves this objection. (Confirmation Order ¶ 7(C)) |

| NO. | OBJECTOR (Docket No.) | OBJECTIONS/RESPONSES | REPLY (Relevant Portion of Confirmation Order) |
|---|---|---|---|
| 12. | DBSI 2005 Secured Notes Creditors & DBSI 2006 Secured Notes Creditors **(Docket No. 5808)** | • Reserves the right to object to the Plan subject to a review of the proposed Confirmation Order and any disputes regarding amounts of claims. | • This reservation of rights has been resolved through corrections to the Disclosure Statement Schedules and the insertion of language inserted in the Proposed Confirmation Order. **(Confirmation Order ¶ 7(G))** |
| 13. | 2007 LIDF Notes Investors' Committee & 2008 DOF Notes Investors' Committee **(Docket No. 5809)** | • Seeks correction of a short list of errors on Schedule 4 to the Plan. | • Same as #12 above. **(Confirmation Order ¶ 7(G))** |
| 14. | DBSI 2008 Notes Purchasers Investors' Committee **(Docket No. 5810)** | • Reserve right to object to the Plan subject to a review of the proposed Confirmation Order and any disputes regarding amounts of claims. | • Same as #12 above. **(Confirmation Order ¶ 7(G))** |
| 15. | Dallas County, Round Rock IDS, Richardson, Tarrant County, Bexar County, Coppell, Coppell ISD & Harris County, Texas ("Local Texas Tax Authorities") **(Docket No. 5811)** | • Join in Objection of LISD & Texas Ad Valorem Tax Claimants (See Nos. 1 & 5 above).<br>• Object on the grounds that the Plan (i) fails to provide for retention of Local Texas Tax Authorities' property tax liens, (ii) does not provide for payment of statutory interest and penalties, and (iii) does not provide for payment of their Administrative Claims when due under non-bankruptcy law. | • The parties have agreed to include language in the Proposed Confirmation Order that resolves Local Texas Tax Authorities' objection, which relate to property tax claims against either Non-Plan Debtors or Non-Debtor Affiliates, none of which are treated under the Plan. **(Confirmation Order ¶ 7(D)** |
| 16. | State of Idaho Department of Environmental Quality ("IDEQ") **(Docket No. 5812)** | • Seeks clarification regarding the treatment of a Consent Order by and between DBSI Broadway Plaza Limited Partnership and IDEQ and the payment of any regulatory obligations thereunder. | • This objection has been withdrawn. |
| 17. | Walt E. Mott & John D. Foster **(Docket Nos. 5827 and 5828)** | | • The parties have agreed to include language in the Confirmation Order that resolves this objection. **(Confirmation Order ¶ 7(F)** |

## CONCLUSION

The Plan complies with all applicable provisions of the Bankruptcy Code, including the provisions of section 1129(a) and 1129(b). Moreover, all provisions of the Plan, including, without limitation, substantive consolidation, the Global Claims Settlement, the Protocols, releases, injunctions and the exculpation provision, are consistent with applicable law and essential to the orderly liquidation of the Plan Debtors. For all of the foregoing reasons, the Plan should be confirmed.

Dated: October 21, 2010
      Wilmington, Delaware

Respectfully submitted,

/s/ William R. Firth, III
William R. Firth, III (No. 4356)
Gibbons P.C.
1000 N. West Street
Suite 1200
Wilmington, DE 19801-1058
Telephone: (302) 295-4875
Facsimile: (302) 295-4876

Karen A. Giannelli (admitted *pro hac vice*)
Brian J. McMahon (admitted *pro hac vice*)
E. Evans Wohlforth, Jr. (admitted *pro hac vice*)
Natasha M. Songonuga (No. 5391)
Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4500
Facsimile: (973) 596-0545

*Attorneys for James R. Zazzali,*
*Chapter 11 Trustee*